**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **MARIA MOSQUEDA, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Case No. 18-1006-EFM-GEB |
| ) | |
| **CITY OF WICHITA POLICE** ) | |
| **DEPARTMENT, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## ORDER

This matter is before the Court on Plaintiffs' Motion to Proceed without Prepayment of Fees (ECF No. 3), Amended Affidavit of Financial Status (ECF No. 9), and the Amended Motion for Appointment of Counsel (ECF No. 10). On May 9, 2018, the Court held an in-person hearing to discuss all currently pending motions. Plaintiffs appeared in person. For the reasons outlined below, Plaintiffs' Motion to Proceed without Prepayment of Fees (**ECF No. 3**) is **GRANTED** and Amended Motion for Appointment of Counsel (**ECF No. 10**) is **DENIED WITHOUT PREJUDICE**.

**I.    Motion to Proceed *In Forma Pauperis* (ECF No. 3)**

Under 28 U.S.C. § 1915(a), the Court has the discretion[1] to authorize the filing of a civil case "without prepayment of fees or security thereof, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security thereof."

---

[1] *Barnett ex rel. Barnett v. Nw. Sch.*, No. 00-2499-KHV-DJW, 2000 WL 1909625, at *1 (D. Kan. Dec. 26, 2000) (citing *Cabrera v. Horgas*, 173 F.3d 863, at *1 (10th Cir. 1999)).

"Proceeding *in forma pauperis* in a civil case 'is a privilege, not a right—fundamental or otherwise.'"[2] When considering such an application, the court must neither act arbitrarily nor deny the application on erroneous grounds.[3] Generally, the court compares an applicant's monthly income to his or her monthly expenses to determine whether the applicant lacks the financial ability to pay.[4] The decision whether to grant or deny *in forma pauperis* status under § 1915 lies within the sound discretion of the court.[5]

After a careful review of Plaintiffs' Amended Affidavit of Financial Status (ECF No. 9) and the comparison of their monthly income to their monthly expenses, the Court finds they are financially unable to pay the filing fee.[6]

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Proceed without Prepayment of Fees **(ECF No. 3)** is **GRANTED.** Because Plaintiffs proceed *in forma pauperis*, service of process would normally be promptly undertaken by the clerk of court under 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(3). However, in light of this Court's order, being filed simultaneously with this order, requiring Plaintiffs to file an amended complaint (Order Directing Plaintiffs to File an Amended Complaint, ECF No. 15), the

---

[2] *Id.* (quoting *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998)).

[3] *Baldwin v. City of Osawatomie, Kan.*, No. 07-1097-WEB, 2007 WL 1652145, at *1 (D. Kan. June 7, 2007) (internal citation omitted).

[4] *See Patillo v. N. Am. Van Lines, Inc.*, No. 02-2162-JWL-DJW, 2002 WL 1162684, at *1 (D. Kan. Apr. 15, 2002) (comparing the plaintiffs' monthly household income to their monthly expenses) (citing *Buggs v. Riverside Hospital,* No. 97–1088-WEB, 1997 WL 321289, at *8 (D. Kan. April 9, 1997)).

[5] *Baldwin*, 2007 WL 1652145, at *1; *see Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005).

[6] *See Jenkins v. Kansas*, No. 16-1370-EFM-KGG, 2016 WL 5411672, at *1 (D. Kan. Sept. 28, 2016) ("There is a liberal policy toward permitting proceedings *in forma pauperis* when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay.") (citing *Yellen v. Cooper*, 828 F.2d 1471 (10th Cir. 1987)).

**clerk is directed to stay service of process** pending Plaintiffs' filing of an amended complaint and the Court's review of the amendment.[7]

## II.   Amended Motion for Appointment of Counsel (ECF No. 10)

In general, there is no constitutional right to appointment of counsel in a civil case.[8] However, for parties proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(1) provides discretionary authority to appoint "an attorney to represent any person unable to afford counsel."[9]  When evaluating whether to appoint counsel, the court considers multiple factors, such as (1) the merits of the litigant's claims, including the nature and complexity of those claims; (2) the litigant's ability to present his or her claims; (3) the litigant's financial ability to pay an attorney; and (4) the litigant's diligence in attempting to secure an attorney.[10]  The party seeking counsel under § 1915(e)(1) has the burden "to convince the court" that asserted claims have sufficient merit to warrant the appointment of counsel.[11]

Thoughtful and prudent care in appointing representation is necessary so that willing counsel may be located.[12] The court has an obligation not to make indiscriminate

---

[7] *See Webb v. Vratil*, No. 12-2588-EFM-GLR, ECF No. 7 (D. Kan. Sept. 28, 2012) (withholding service of process pending review under 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(h)(3)).
[8] *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989).
[9] *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006) (a district "court has discretion to request an attorney to represent a litigant who is proceeding in forma pauperis" under 28 U.S.C. § 1915(e)(1)).
[10] *See Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995); *Castner v. Colorado Springs Cablevision*, 979 F.2d 1417, 1420-21 (10th Cir. 1992).
[11] *Jones v. Maritz Research Co.*, No. CIV.A. 14-2467-SAC, 2014 WL 6632929, at *1 (D. Kan. Nov. 21, 2014) (citing *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir.2004)).
[12] *Castner*, 979 F.2d at 1421.

appointments on every occasion that a plaintiff seeks court-ordered counsel,[13] particularly in light of the expanding federal court dockets, increased filings by pro se parties, and decreasing number of attorneys willing to accept appointments.[14]

The Court is satisfied the third and fourth factors above have been meet. Plaintiffs' Amended Affidavit of Financial Status, discussed above, sufficiently shows the Court Plaintiffs cannot pay an attorney. And, Plaintiffs' Amended Motion for Appointment of Counsel adequately identifies five attorneys they consulted prior to filing this case. (ECF No. 10, at 2-3).

The Court, however, is unable to evaluate the first two factors. The absence of facts in Plaintiffs' Complaint makes it impossible for the Court to determine the merits of Plaintiffs' claims and their ability to present those claims.[15] That said, the Court recognizes that "its perception of the merits and other factors relevant to the issue of appointment of counsel may vary"[16] as the case progresses. Although "a court may well appoint counsel at the outset of a case, it might also decide to postpone the decision—for example, until after resolution of dispositive motions—in order to give itself both more time and more information to evaluate the plaintiff's capabilities and the merits of the case."[17] Postponing a decision to appoint counsel in this case will allow the Court to gain more information

---

[13] *Wheeler v. Wichita Police Dept.*, No. 97-1076-FGT, 1997 WL 109694, at *2 (D. Kan. Feb. 27, 1997).
[14] *Camick v. Holladay*, No. 17-1110-EFM-GEB, 2017 WL 4099472, at *2 (D. Kan. Sept. 14, 2017).
[15] *See* Order, ECF No. 15, requiring Plaintiffs to file an Amended Complaint detailing their claims.
[16] *Jones*, 2014 WL 6632929, at *3.
[17] *Zillner v. Brennan*, No. 15-9904-DDC-GLR, 2016 WL 81229, at *2-4 (D. Kan. Jan. 7, 2016) (citing *Ficken v. Alvarez*, 146 F.3d 978, 981 (D.C. Cir. 1998) (internal citations omitted)).

4

about both the merits of the claims and Plaintiffs ability to present their case.[18] Therefore, the Amended Motion for Appointment of Counsel shall be **DENIED WITHOUT PREJUDICE** to the filing of a similar motion at a later time.

**IT IS THEREFORE ORDERED** that Plaintiffs' Amended Motion for Appointment of Counsel (**ECF No. 10**) is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 11th day of May 2018.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge

---

[18] *Jones*, 2014 WL 6632929, at *3 (citing *Ficken,* 146 F.3d at 981).