#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MARIA MOSQUEDA, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Case No. 18-1006-EFM-GEB |
| ) | |
| **CITY OF WICHITA POLICE** ) | |
| **DEPARTMENT, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

### ORDER DIRECTING PLAINTIFFS
### TO FILE AN AMENDED COMPLAINT

Simultaneous with the filing of this Order, the Court granted Plaintiffs' request to proceed in this case without prepayment of the filing fee. (Order, ECF No. 14.) However, the authority to proceed without payment of fees is not without limitation. When reviewing an *in forma pauperis* application under 28 U.S.C. § 1915, sua sponte dismissal of the case is required if the court determines that the action 1) is frivolous or malicious, 2) fails to state a claim upon which relief may be granted, or 3) seeks relief from a defendant who is immune from suit.[1] Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court *must* dismiss the action."[2]  After application of these standards, Plaintiffs are ordered to file an amended complaint to avoid a recommendation of dismissal for the reasons set forth below.

---

[1] 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).
[2] *King v. Huffman*, No. 10-4152-JAR, 2010 WL 5463061, at *1 (D. Kan. Dec. 29, 2010) (citing Fed. R. Civ. P. 12(h)(3)) (emphasis added).

**Background**

In the Complaint, Plaintiffs state they are suing the Wichita Police Department and United States Marine Corps for "defamation of character, harassment of business, and of family, discrimination, authority abuses." (ECF No. 1, at 2-3). However, no facts are given regarding what each defendant did that violated Plaintiffs' rights. No conduct is described. No dates or places are listed. Additionally, Plaintiffs do not state what judgment or relief they seek from the Court.

**Discussion**

After review of the Complaint filed by Plaintiffs, this Court finds the document, on its face, does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Rule 8 requires a Complaint to contain:

1) a short and plain statement of the grounds for the court's jurisdiction;
2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
3) a demand for the relief sought.[3]

The complaint itself has two primary purposes: 1) to give the opposing parties fair notice of the basis for the claims against them so they may respond, and 2) to allow a court to determine whether the allegations, if proven, demonstrate the plaintiff is entitled to relief.[4] If the complaint is "too general," then it does not accomplish these purposes.[5]

---

[3] Fed. R. Civ. P. 8(a)(1)-(3).
[4] *Monument Builders of Greater Kansas City, Inc. v. Am. Cemetery Assn. of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).
[5] *See Henderson v. Ojile*, No. 97-4098-SAC, 1997 WL 723432, at *2 (D. Kan. Oct. 31, 1997) (citing *Boston & Maine Corp. v. Town of Hampton*, 987 F.2d 855, 865 (1st Cir.1993)).

Similarly, "allegations of conclusions or opinions are not sufficient when no facts are alleged by way of the statement of the claim."[6]

Plaintiffs' Complaint does not achieve the above-stated objectives. Plaintiffs do name the defendants in Section I of their Complaint, and in Section II, state jurisdiction arises under 28 U.S.C. § 1343. However, Plaintiffs' Statement of Claim, found in Section III of the Complaint, is completely devoid of any facts to back up their legal conclusions of "defamation of character, harassment of business, and of family, discrimination, authority abuses." The absence of facts makes it impossible for the defendants to have fair notice of what is being alleged against them.[7] Further, with no facts in front of it, the Court cannot assess whether it truly has jurisdiction over (in other words, power to hear) Plaintiffs' claims.

Rule 8 does not require plaintiffs to state precisely each element of a claim or describe every fact with specific detail, but it does require plaintiffs to set forth sufficient factual allegations on which a recognized legal claim could be based.[8] In short, while Rule 8(a) relieves plaintiffs from pleading technicalities and from alleging detailed facts that establish a right to judgment, it still requires minimal factual allegations on the material elements that must be proved to recover damages.[9] And, while *pro se* pleadings are

---

[6] *Id*. (quoting *Bryan v. Stillwater Board of Realtors*, 578 F.2d 1319, 1321 (10th Cir.1977)); *see also Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir.1984).

[7] *Weaver v. City of Topeka*, No. 94-4224-SAC, 1995 WL 783628, at *7 (D. Kan. Dec. 12, 1995), aff'd, 103 F.3d 145 (10th Cir. 1996) (holding complaint offering no facts to support legal conclusion fails to give defendants fair notice).

[8] *Henderson*, 1997 WL 723432, at *2; *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[9] *Id.*

liberally construed, the Court cannot craft legal theories or supply factual allegations for *pro se* plaintiffs.[10]

Rather than recommending their claims for dismissal,[11] however, the Court extends latitude to Plaintiffs as *pro se* litigants, and will permit Plaintiffs the opportunity to amend their Complaint to fully comply with Rule 8.  Plaintiffs must conform their amendment to comply with Rule 8, meaning the amended complaint must do the following:

- specifically explain what each named defendant did to them;
- when each defendant did it;
- how each defendant's action harmed them; and,
- what specific legal right Plaintiffs believe each defendant violated.[12]

Plaintiffs are encouraged to use the same court-provided form for Civil Complaint[13] they used to file the present Complaint, but, as explained above and at the May 9, 2018 hearing, should provide more details.

**IT IS THEREFORE ORDERED** that by no later than **July 20, 2018,** Plaintiffs must file an amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this Order.

---

[10] *Abdelsamed v. United States*, 13 F. App'x 883, 884 (10th Cir. 2001).

[11] *See, e.g., El-Sattam v. Minnenger*, No. 95-4180-SAC, 1995 WL 783206, at *1 (D. Kan. Nov. 16, 1995) (dismissing complaint for failure to allege facts supporting a recognized claim for relief).

[12] *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice* Ctr., 492 F.3d 1158, 1163 (10th Cir. 2007).

[13] The form can be found at http://ksd.uscourts.gov/wp-content/uploads/2018/01/Civil-Complaint.pdf .

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 11th day of May 2018.

                                               s/ Gwynne E. Birzer
                                               GWYNNE E. BIRZER
                                               United States Magistrate Judge