## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **MARIA MOSQUEDA, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 18-1006-EFM-GEB** |
| | ) | |
| **CITY OF WICHITA POLICE** | ) | |
| **DEPARTMENT, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## <u>REPORT AND RECOMMENDATION</u>

This matter is before the Court on review of this Court's previous Order Directing Plaintiffs to File an Amended Complaint (ECF No. 15). In that Order, the Court directed Plaintiffs to amend their Complaint in a manner compliant with Fed. R. Civ. P. 8 by July 20, 2018, or face recommendation of dismissal. Because Plaintiffs have failed to file an amended complaint, the undersigned Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), issues the following report and recommendation of dismissal without prejudice.

**<u>Background</u>**

On January 5, 2018, Plaintiffs filed a Complaint (ECF No. 1), a Motion to Proceed without Prepayment of Fees and a supporting Affidavit of Financial Status (ECF Nos. 3 and 4), and a Motion for Appointment of Counsel (ECF No. 5). In their Complaint, Plaintiffs state they are suing the Wichita Police Department and United States Marine Corps for "defamation of character, harassment of business, and of family, discrimination,

authority abuses." (ECF No. 1, at 2-3). However, Plaintiffs list no facts detailing what each defendant did that allegedly violated Plaintiffs' rights. No conduct is described. No dates or places are noted. Additionally, Plaintiffs do not state what judgment or relief they seek from the Court.

On February 21, 2018, upon direction from the Court, Plaintiffs filed an Amended Affidavit of Financial Status to support their Motion to Proceed without Prepayment of Fees (ECF No. 9) and an Amended Motion for Appointment of Counsel (ECF No. 10). On May 9, 2018, the Court conducted an in-person hearing to discuss the Complaint and pending motions with Plaintiffs. (ECF Nos. 12 and 13).

Plaintiffs Maria Mosqueda, Roberto Mosqueda, and Elizabeth Mosqueda appeared in person for the May 9 hearing.[1] Maria Mosqueda and Roberto Mosqueda are husband and wife, and Elizabeth is their adult daughter. Maria Mosqueda does not speak English; however, both Roberto Mosqueda and Elizabeth Mosqueda understand and speak English and communicated with the Court during the hearing on behalf of all Plaintiffs.

During the hearing, the Court discussed its intent to grant Plaintiffs' Motion to Proceed without Prepayment of Fees, but to deny their Amended Motion for Appointment of Counsel without prejudice because the Court was unable to evaluate the merits of their claims and their ability to present those claims based on the current Complaint. The Court told Plaintiffs the purpose of the hearing was to inform them their Complaint was deficient and to give them an opportunity to file an amended complaint.

---

[1] The other Plaintiff is a minor, J.M., who did not appear in person, but appeared by and through the other Plaintiffs.

The Court explained to Plaintiffs that the purpose of a complaint is to put the people they are suing on notice as to why they are being sued, and that their Complaint fails to do this.  Plaintiffs then attempted to articulate their claims against the defendants.  As the Court understands it, Plaintiffs' claims against the defendants, the Wichita Police Department and United States Marine Corps, stem from Plaintiffs' belief that persons related to each entity have been following them, listening to their telephone calls, and speaking ill of them to the community since December of 2016, and that this has affected their business and reputations.

After listening to Plaintiffs describe their claims, the Court instructed Plaintiffs it was giving them an opportunity to amend their Complaint, but that if they did not amend their Complaint, their case would be subject to dismissal.  The Court specifically informed Plaintiffs that any amended complaint should explain what each defendant did to them; when each defendant did it; how each defendant's action harmed them; and what law Plaintiffs believe each defendant violated.  The Court gave Plaintiffs until July 20, 2018 to file an amended complaint.

After the hearing, the Court entered an Order granting the Motion to Proceed without Prepayment of Fees and denying without prejudice the Amended Motion for Appointment of Counsel (ECF No. 14).  The Court also entered an Order directing Plaintiffs to file an amended complaint complying with Rule 8 (ECF No. 15).  In this Order, as during the May 9 hearing, the Court informed Plaintiffs they must file an amended complaint containing more factual details about their claims or their case would face a recommendation of dismissal.  (*Id*. at pp. 2-4).  The Order further instructed Plaintiffs that

any amended complaint should (1) specifically explain what each named defendant did to them; (2) when each defendant did it; (3) how each defendant's action harmed them; and (4) what specific legal right Plaintiffs believe each defendant violated. (*Id*.).   The Order gave Plaintiffs until July 20, 2018 to file an amended complaint.  (*Id*).

To date, however, Plaintiffs have failed to file an amended complaint or otherwise communicate with the Court.   Therefore, the only option available to the Court is to evaluate the sufficiency of the Complaint filed January 5, 2018 (ECF No. 1), as it is the only written complaint on file.[2]

## Discussion

After review of the Complaint (ECF No. 1) filed by Plaintiffs, this Court finds the document, on its face, does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  Rule 8 requires a Complaint to contain:

1) a short and plain statement of the grounds for the court's jurisdiction;
2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
3) a demand for the relief sought.[3]

The complaint itself has two primary purposes:  1) to give the opposing parties fair notice of the basis for the claims against them so they may respond, and 2) to allow a court to determine whether the allegations, if proven, demonstrate the plaintiff is entitled to

---

[2] *See* 28 U.SC. § 1915(e)(2)(B)(ii) (for proceedings *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . .the action or appeal . . . fails to state a claim on which relief may be granted."); D. Kan. Rule 5.1(a) ("Pleadings, motions, briefs, and other papers submitted for filing must be typewritten or printed on letter size paper.").
[3] Fed. R. Civ. P. 8(a)(1)-(3).

relief.[4]  If the complaint is "too general," then it does not accomplish these purposes.[5]

Similarly, "allegations of conclusions or opinions are not sufficient when no facts are

alleged by way of the statement of the claim."[6]

Plaintiffs' Complaint does not achieve the above-stated objectives.  Plaintiffs do

name the defendants in Section I of their Complaint, and in Section II, state jurisdiction

arises under 28 U.S.C. § 1343.  However, Plaintiffs' Statement of Claim, found in Section

III of the Complaint, is devoid of facts to support their claims of "defamation of character,

harassment of business, and of family, discrimination, authority abuses."  The absence of

facts makes it impossible for the defendants to have fair notice of what is being alleged

against them.[7]  Further, with no written facts in front of it, the Court cannot assess whether

it truly has subject matter jurisdiction over (in other words, power to hear) Plaintiffs'

claims.[8]

Rule 8 does not require plaintiffs to state precisely each element of a claim or

describe every fact with specific detail, but it does require plaintiffs to set forth sufficient

factual allegations on which a recognized legal claim could be based.[9]  In short, while Rule

---

[4] *Monument Builders of Greater Kansas City, Inc. v. Am. Cemetery Assn. of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).

[5] *See Henderson v. Ojile*, No. 97-4098-SAC, 1997 WL 723432, at *2 (D. Kan. Oct. 31, 1997) (citing *Boston & Maine Corp. v. Town of Hampton*, 987 F.2d 855, 865 (1st Cir.1993)).

[6] *Id.* (quoting *Bryan v. Stillwater Board of Realtors*, 578 F.2d 1319, 1321 (10th Cir.1977)); *see also Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir.1984).

[7] *Weaver v. City of Topeka*, No. 94-4224-SAC, 1995 WL 783628, at *7 (D. Kan. Dec. 12, 1995), aff'd, 103 F.3d 145 (10th Cir. 1996) (holding complaint offering no facts to support legal conclusion fails to give defendants fair notice).

[8] The Court acknowledges Plaintiffs stated some facts at the May 9, 2018 hearing as stated in the Background section of this Order.  However, with no written amended complaint in front of it, the Court's ruling is based on the written Complaint filed on January 5, 2018 (ECF No. 1).

[9] *Henderson*, 1997 WL 723432, at *2; *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

8(a) relieves plaintiffs from pleading technicalities and from alleging detailed facts that establish a right to judgment, it still requires minimal factual allegations on the material elements that must be proved to recover damages.[10]   And, while *pro se* pleadings are liberally construed, the Court cannot craft legal theories or supply factual allegations for *pro se* plaintiffs.[11]   Accordingly, because Plaintiffs' Complaint fails to allege facts supporting a cognizable claim for relief and because Plaintiffs failed to file an amended complaint per the Court's direction at the May 9, 2018 hearing and in the May 11, 2018 Order (ECF No. 15), the Court recommends dismissal without prejudice.[12]

**IT IS THEREFORE RECOMMENDED** that the Complaint (ECF No. 1) be dismissed without prejudice for failure to comply with Rule 8.

**IT IS FURTHER ORDERED** that a copy of this recommendation shall be mailed to Plaintiffs by certified mail.  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), Plaintiffs may file a written objection to the proposed findings and recommendations with the clerk of the district court within fourteen (14) days after being served with a copy of this report and recommendation.  Failure to make a timely objection waives appellate review of both factual and legal questions.[13]

---

[10] *Id.*

[11] *Abdelsamed v. United States*, 13 F. App'x 883, 884 (10th Cir. 2001).

[12] *See, e.g., El-Sattam v. Minnenger*, No. 95-4180-SAC, 1995 WL 783206 (D. Kan. Nov. 16, 1995) (dismissing complaint under Rule 8 for failure to allege facts supporting a recognized claim for relief); *Ferris v. Fed. Law*, No. 97-4239-SAC, 1997 WL 833299 (D. Kan. Dec. 18, 1997) (same); *see also Weaver*, 1995 WL 783628, at *7 ("The court should dismiss *pro se* claims 'which are supported only by vague and conclusory allegations.'") (quoting *Northington v. Jackson*, 973 F.2d 1518, 1521 (10th Cir. 1992)).

[13] *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005).

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 8th day of August 2018.

s/GWYNNE E. BIRZER
GWYNNE E. BIRZER
United States Magistrate Judge